UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWIN S., on behalf of J.O.S.,

                Plaintiff,

       -v-                                 5:23-CV-1244 (AJB/TWD)

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                                       **OF COUNSEL:**

HILLER COMERFORD                    JUSTIN M. GOLDSTEIN, ESQ.
INJURY & DISABILITY LAW
Attorneys for Plaintiff
6000 North Bailey Avenue, Suite 1A
Amherst, NY 14226

SOCIAL SECURITY ADMINISTRATION     NAHID SOROOSHYARI, ESQ.
Office of the General Counsel                Special Assistant U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On October 6, 2023, plaintiff Edwin S.[1] ("plaintiff") filed this civil action on behalf of minor J.O.S. seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying J.O.S.'s application for Supplemental Security Income under the Social Security Act. Dkt. No. 1.

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

The matter was referred to U.S. Magistrate Judge Thérèse Wiley Dancks for the issuance of a Report & Recommendation ("R&R").  *See* Dkt. No. 4.  Thereafter, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 6, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 9, 15, 16.

On December 13, 2024, Judge Dancks advised by R&R that: (1) plaintiff's motion should be denied; (2) the Commissioner's motion should be granted; (3) the Commissioner's final decision should be affirmed; and (4) plaintiff's complaint should be dismissed.  *See* Dkt. No. 17.

Plaintiff has lodged objections.  Dkt. No. 18.  There, plaintiff explicitly "renews" the arguments made in his opening and reply briefs.  *Id*.  In addition to reiterating those arguments, plaintiff contends that Judge Dancks failed to fully explain "how an ALJ is permitted to ignore evidence contradicting the ALJ's findings."  *Id*.  According to plaintiff, Judge Dancks should have faulted the ALJ for failing to engage in a more thorough discussion of certain evidence tending to support a finding of disability.  *See id*.

The Commissioner responds by pointing out that plaintiff's objections "predominately rehash[ ] his arguments considered and rejected by [Judge] Dancks" and urges the Court to apply the less searching "clear error" standard of review.  Dkt. No. 19.  Beyond this threshold issue, the Commissioner explains that Judge Dancks correctly concluded that the ALJ had appropriately considered the evidence and arguments identified by plaintiff.  *Id*.

The matter has recently been reassigned to this Court for a decision.  Dkt. No. 20.  Upon review of the briefing, plaintiff's objections must be overruled.  As an initial matter, the record reflects that Judge Dancks adequately considered and properly rejected the arguments advanced

by plaintiff in his objections.  Under those circumstances, it has long been the rule that a District Court should apply the more perfunctory "clear error" standard of review.  *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases).

There is no clear error in the R&R.  But even applying the much more rigorous *de novo* review, plaintiff's arguments would not warrant relief.  For instance, while an ALJ is obligated to consider relevant evidence from a child's teachers, he is not required to consider those opinions in the same manner as medical opinions.  *See, e.g.*, *Kimberly C. ex rel. J.N.L. v. Comm'r of Soc. Sec.*, 2022 WL 958126, at *3 (N.D.N.Y. Mar. 30, 2022) (rejecting plaintiff's assertion that the ALJ was required to consider the "supportability and consistency factors").  A careful review of plaintiff's remaining objections confirm that they are similarly without merit.  Accordingly, the R&R is accepted and will be adopted.  *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 17) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: January 30, 2025
   Utica, New York.

Anthony J. Brindisi
U.S. District Judge